# U.S. District Court of Easten Dist of Mich

John Adams

v.

Warden Eric Rardin

2241

Case: 2:24-cv-13001
Assigned To : White, Robert J.
Referral Judge: Patti, Anthony P.
Assign. Date : 11/13/2024
Description: ADAMS V. WARDEN (PRIS) (TH)

Copy 1

## MOTION & ARGUMENTS FOR 28 U.S.C. § 2241

### CHANGE OF VENUE

28 U.S.C. § 1404(a) states for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought. My sentencing and entire case was in the Eastern District of Pennsylvania. For the purpose of judicial efficiency and economy this § 2241 would be best served by transferring the case to the jurisdiction of the sentencing courts.

### HISTORY OF ADMINISTRATIVE REMEDY

1. At FDC Philadelphia in late July 2024 I found out I could not get on computer. I sent BP8 to Mr. Flonery and he stated "Because of the type of case I have and cell phone use involved, you get a Walsh assignment and can't use the email. He then said since I was already designated that when I get to Milan and to tell the Warden Rardin he said I was his orderly and good dude, and been using the email for over 3 years with no issue."

   When I got to Milan FDC I was given the run around the Warden at FDC is the same warden at FCI Milan. I was told I got to wait till I got to FCI to file a BP-8. I was then told by a new counselor that was a lie and he gave me a BP-8 and later BP-9, with the exact policy and the Dodrill Memorandum. They ignored allevidence and continued with their predetermined mis.interpritation of BOP policy. Once I got to FCI Milan, I was told by Mr. Willis I should be able to use email and he was going to put cop out in for me to use. A month later he stated that because an electric device was used, ie. cellphone, I can't use the email.

pg 1

I gave him all the legal evidence and he said "we don't follow law we follow policy".

2. A month after getting to FCI Mr. St. Claire came to me with a paper to sign for restitution. He said I got to pay $100 a month. I told him that is not what the court daid. I told him I don't owe the full $6400.00 it's joint and several. I was told I only have to pay %25 a quarter. Plus that is to come from my job here at Milan. He knows I have no job yet. He said that is not how we determine payments and if I don't sign I'll be put on refusal and lose privleges. I later filled out a BP-9 with the understanding that FCI Milan don't go by law but policy and a § 2241 is the only way to resolv this issue.

## WAIVER OF THE EXHAUSTION REQUIREMENT

Waiver of the Exhaustion Requirement Because 28 U.S.C. § 2241 cases has judical, and not statutory, underpinnings. In accordance with U.S. Const. Art. III, §1, the exhaustion requirement may not be considered a limitation on the courts subject-matter jurisdiction. A court has discretion to waive the requirement in it's "sound judicial discretion." Requiring further administrati/ve review would be futile because of the biased and predetermination of the BOP. The BOP has enacted categorical rules and scheduling payments for the sole purpose to raise inmates monthly payment plans to levels they can't afford, so they will be placed in refusal and not eligible for FSA credits. The BOP has predatermined by rulemaking the issues I challenge in my §2241. The Supreme Courts decision in <u>Loper</u> gives defendants greater procedural rights to challenge penalties assessed by federal agencies in open court, rather than starting with administrative proceedings often biased in favor of the agency. What is more important is the BOP has continued to enforce both it's

pg 2

rules in the face of it's invalidation by many federal courts of appeals and various district courts. See <u>U.S. v. Johnnie Corley</u>, 500 F.3d 210; 2007

<u>U.S. v. Coates</u>, 178 F.3d 681, 684-85

<u>U.S. v. Gunning</u>, 401 F.3d 1145, 1150

<u>U.S. v. Overhold</u>, 307 F.3d 1231, 1255

<u>U.S. v. Pandiello</u>, 184 F.3d 682, 688

<u>Frankie Thomas v. J. Baltazar</u>, No. 1:17-cv-00121

The BOP exceeds its authority by setting a sceduling of restitution payments through the IFRP and the only proper way to challenge this practice is a §2241 for this and all reasons set above exhaustion waiver should be granted.

<u>Improper Scheduling of Restitution Payments</u> because scheduling and setting the manner of restitution payments is a judicial function (18 U.S.C. § 3664(f)) it can not be delegated in whole or in part. (<u>U.S. v. Coates</u>, 178 F.3d 681, 684-85). The plain languate of § 3664(f) 'contradicts, and thus overrides,' the federal regulations permitting the BOP to make payment schedules for restitution through the IFRP, 28 C.F.R. §§ 545. 10-11 id. at 685. My restitution is joint and several so


The BOP has shown by it's conduct over the past years that it's unwilling to carry out the terms of the FSA or SCA. Their newest scheme is to put prisoners into "REFUSAL" status, and thus, FSA ineligibility, by precipitously and unjustifiable raising FRP payments. Mr. Adams is entitled to the FSA incentives. He is enrolled in the work keys program and slated to start Jackson College 11-4-24. Because of his FRP refusal

status he will not get the incentives of his programs when he completes them.

### BOP Misinterpretation of Walsh Assignment & BOP Program AStatement 4500.12

The BOP has predetermined that any inmate with a sex offence that involves a minor and a cellphone or computer is used is restricted from using trulinks email service. This determination goes against BOP's own program statement 4500.12 which states: an inmate excluded based on their own conduct and history and not by general categorizations. Inmates who history and offence indicates a propensity to offend by the use of EMAIL or jeopardizes the safety, security, and orderly operation or for the protection of the public should be <u>considered</u> for restriction. To give even further guidance the Dodrill memorandum was written in 2010. The Dodrill Memorandum clearly says the use of email to solicit or accomplish offensive conduct with a victim should be restricted. This conduct does not include exchanging computer pornographic images insofar as trulincs email does not provide that function. After over 3 years of successful use of the BOP trulincs email with no abuse or violations, the BOP using it's predetermined misinterpretation of the Walsh Assignment and it's own policy statement suspended my use of email. The Supreme Court has stated: If an agency announces and follows by a rule or general policy by which it's exercise of discretion will be governed, an irrational departure from that policy could constitute action that must be overturned as arbitrary, capricious or a abuse of discretion. (<u>INS v. Yueh-Shaio Yang</u>, 519 U.S. 26, 32, 117. The conduct involved in my case has nothing to do with email and the BOP hasn't expressed in it's statement how an inmate can get the services back. As a matter of law, the BOP has violated

pg 4

it's own policy and that of the Walsh Assignment. The BOP provides 4 phones for over 200 inmates really only 2 phones work and the BOP said they don't have replacement phones so email is the best and sometimes only way to reach your family or lawyers.

## REQUEST FOR RELIEF

I have repeatedly tried to pay my quarterly restitution payments but have been denied access to my account due to FRP refusal. I would like this court to exempt me from the BOP FRP program and allow me to send a check to the clerk of the Courts for my payments. Also I would like the Court to allow me to use the email system. I further wish to be eligible for FSA incentives. Thank-you for your consideration.

Respectfully submitted,   Date:

_[signature]_   10-31-24



John Adams 39459509
FCI Milan
Po Box 1000
Milan Mich 48160

◇39459-509◇
Clerk Of Courts
231 W Lafayette BLVD
United States District Ct
Detroit, MI 48226
United States

Metroplex MI 480 TIP
SAT 02 NOV 2024 PM