FILED
CLERK'S OFFICE
DEC 1 2 2024
U.S DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

John Adams, 39459509
    Petitioner

Case No. 24-13001

v.

Warden Eric Rardin
    Respondent(s)

---

SUPPLEMENTAL BRIEF FOR §2241 AND MOTION
FOR A PRELIMINARY INJUNCTION PURSUANT TO RULE 65
FED. R. CIV P.

§2241 supplemental arguement

When filing my §2241 I also sent a rule 60(b) motion to my judge in the 3rd cir. I asked him to exempt me from FRP program and to clarify his order. He denied my exemption from FRP stating that a 60(b) motion was not the proper forum for that request but he did clarify his order stating:"Nothing in this court's judgement of sentence, either requires or implies that the dedfendant must pay any amount towards restitution greater than $25 a quarter. To the extent that the defendant is correct that the BOP is requiring him to pay a higher amount, such action on the BOP part does not flow from the judgement of this court". (See enclosed letter EX1) Upon receiving the letter the BOP allowed me to sign an agreement to pay $25 a quarter pending my §2241 outcome. Warden Rardin then told me he was not unblocking my account till I actually paid the first payment that wasn't to come out my account till March. I filled out a form to have them take the money out and it was deducted on 11-3-24. After paying the money I was then told that my account will not be unblocked cause the letter from the judge did clarify his order but didn't say the BOP can't make me pay a

1

higher amount. This logic is moot. A rule 60(b) motion is not the proper forum to rule on the BOP's interpretation of a policy. But a §2241 is and it's this court's authority to tell the BOP that scheduling of payments is a judicial act and the MVRA is an act of Congress and thus overrides any policy a agency enacts to contradict it. To hold that the BOP's ability to schedule payments for restitution is operative, is to declare that the BOP policy overrides the plain text of an act of Congress. The actions of Congress is SUPREME and overrides all agency's policies that contradicts it. BOP's actions are not justified, and violate my first amendment rights to send mail. Because of the block on my account, I can not buy stamps. Also my access to courts by not allowing me to print cases or buy typing ribbons and stamps to send letters to to my lawyer and the court. I am wholly reliant on the help of other inmates with the promise to pay them back when this legal issue is finalized. The warden is also confusing sole discretion and discretion govern by policy. Sole discretion as defined is the absolute or sole power of free decision or latitude of choice. The warden uses this abuse of discretion for just about any issue in Milan. The warden's interpertation of sole discretion is misguided. The Walsh Assignment, that allows for the suspention of inmates email is govern by policy statement 4500.12. His decision should be based off the policy not his sole discretion. Also the rules govern the scheduling restitution payments is found in the MVRA, an act of Congress not the IFRP. The MVRA overrides the contradictions of the IFRP.

Preliminary Injunction

There is a four part test to a preliminary injunction.

1. The likelihood of irreparble harm to the plaintiff if relief is denied. The BOP has already been violating my right to send mail by not allowing me to buy stamps. I have a pending appeal in the 3rd cir, due to my no email access I haven't spoken to members of my defense team, some I only spoke to by email. My domestic partner and my sister both speak spanish, I have not spoken to either of them because I have no email and can't call them. I am at the mercy of other inmates to provide me with stamps and print legal work or even make copies. It is the winter and I can't purchase gloves or a scarf so I won't be clod. I've had athletes foot in my right foot for over a month. I reported it to staff and the warden knows but because of the block on my account I can't buy the cream needed to stop the burning.

2. The likelihood of harm to defendant if injunction is issued. According to the BOP they don't get anything from collecting payments for the judge. That is not true, all payments through the trust fund account goes into an interest bearing account, and in most cases the restitution is not paid to the court until the termination of the sentence but still the money or at least some of it bears interest to the BOP. There is no harm by allowing me to continue my $25 a quarter payments pending the outcome of my §2241. As far as allowing me to use the email, the BOP policy statement has admitted that all emails in and out of the tru system are recorded and never leave the system. Every inmate account is monitored, now not only by humans by an AI system also. There is no harm by allowing me to use the email system. My history of

3

usage of over 3 years proves I am no risk and no harm to the defendant if im allowed to use the email system.

3. The likelihood the plaintiff will succeed on the merits.

In order for a judge to change or modify any restitution payments, there must be a change of the defendants economic circumstances. Even with that the government must file a motion and provide a cert to the court that the victims have been notified of the change.(See US v Bowles No. 98-cr-1281 (citing 18 U.S.C. §3664(k) The defendant has the due process rights to fight the motion for a change of restitution payments. The BOP wants this court to believe that absent a change in economic circumstances, a cert providing that the victims know of the change , and a motion to a judge that would afford the defendant due process to challenge the order, they can raise a defendants restitution payments. Lets go even further.The BOP has no authority to schedule payments through the IFRP. In seeking to answer the question of BOP authority, this court must start with a fundamental proposition of federal law.'As a federal agency, the BOP is a creature of statute, having no constitutional or common law existence or authority, but only those authorities conferred upon it by Congress.(See Atlantic City Elec V FERC, 353 US App DC 1, 295 F.3d 1, 8(DC cir 2002) The Supreme Court has stated" An agency literally has no power to act unless and until Congress confers power upon it." (See LA Pub. Serv. Comm'n v FCC,476 US 355, 374 90 L. ED. 2d 369 106 S. ct 1890(1986). It is therefore incumbent upon the BOP to demonstrate to this court some statute confers upon it the power to exercise the scheduling of restitution payments. <u>THERE IS NONE</u>. Section 3663 and 3664 of title 18 clearly impose on the court the

duty to fix terms of restitution.(See US v Johnson,48,812 F.3d 1200, 1202(10th cir 1995)(US v Martinez 10th cir 2015)(By statute, it is the district court- not the government- that determines how a defendant is to pay restitution.)US v Merric, 166 F. 3d 406, 409 1st cir) ("it's the responsibility of the judge to determine matters of punishment and this includes final authority over all payment matters). The BOP is bound by the court order restitution and may not seek an greater amouny.(See US v Bikundi, No. 14-cr-00030(DDC 2017)The IFRP is a voluntary program an order compelling an inmate to participate is plain error.(US v Mcknight 655 F 3d 786, 795(7th cir2011)The BOP allows inmates $360 a month for personal needs. I.E sneakers,hat, gloves, food,stamps. The defendant has never exceeded that number to even be concidered a change in circumstances.

4. Public interest. Prior to incarceration at Milan the defendant has had 0 issues with the use of email . The defendant has a pending appeal that will take away any restitution to be paid but until then the defendant will be paying restitution so the public interest on that matter is covered along with all other interest.

REMEDY

For all reasons set forth above, the petitioner respectfully request that this court grants my motion for a preliminary injunction allowing either an exemption from the FRP program or continue payments at the $25 a quarter pending the outcome of the §2241. Also allow for the unblocking of both the defendants email and trust fund account.

Respectfully submitted

*[signature]*
11-6-24

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 21-144-1 |
| | : | |
| JOHN ADAMS | : | |

## ORDER

This 14th day of November, 2024, for the reasons that follow, it is hereby **ORDERED** that Defendant's Motion for Relief under Rule 60(b) is **DENIED.**

Nothing in this Court's Judgment of Sentence, ECF 205, either requires or implies that Defendant must pay any amount toward restitution greater than $25 per quarter.[1] To the extent that Defendant is correct that the Bureau of Prisons is requiring him to pay a higher amount, such action on the Bureau's part does not flow from the judgment of this Court. To the extent that Defendant contends that the Bureau's actions are unlawful, he must raise that claim in the proper forum.

(EX 1)

/s/ Gerald Austin McHugh
United States District Judge

---

[1] The Court fixed this number based on its understanding of the limited opportunities for employment while incarcerated and sees no purpose to be served by attempting to require a higher and unattainable amount of restitution.

John Adams
3945909
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160



METROPLEX MI 480
9 DEC 2024 PM 3 L

United States District Court
Clerk's Office
231 Lafayette Blvd
Detroit, Mich 48226

48226-279426