United States District Court
Eastern District of Michigan
Southern Division

John Adams, #39459-509,

    Petitioner,

vs.

Eric Rardin, Warden,

    Respondent.
_____/

Case No. 24-cv-13001

Hon. Robert J. White

Mag. Judge Anthony P. Patti

## Response to Petitioner's Motion for a Preliminary Injunction

John Adams is not entitled to any relief on his pending habeas petition under 28 U.S.C. § 2241. As set forth in greater detail in the Warden's response to the petition,[1] Adams's petition must be dismissed for his failure to exhaust his claims through the Bureau of Prisons' administrative process. Moreover, the petition must be denied because his claims are substantively without merit or are not cognizable under § 2241. Accordingly, his motion for a preliminary injunction must be denied as moot.

---

[1] The Warden incorporates by reference his response to the petition, which is contemporaneously filed with this response.

## Brief in Support of Response to
## Petitioner's Motion for a Preliminary Injunction

Adams filed his habeas petition making three apparent claims. First, he alleges that the Bureau of Prisons has erred by refusing his request to pay restitution directly to the court rather than through the BOP's Financial Responsibility Program. ECF No. 1, PageID.3–4. Second, he claims that the BOP must provide him access to email. *Id.*, 2–3, 5–6. And finally, he suggests that the BOP has improperly denied him First Step Act credits. *Id.*, 6. In his motion for preliminary injunction, he seeks the same remedy as in his petition—exempt him from the IFRP program and restore his email access—but only as a temporary measure pending the outcome of his petition. ECF No. 7, PageID.27.

"A district court must balance four factors in determining whether to grant a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Wilson v.*

*Williams*, 961 F.3d 829, 836 (6th Cir. 2020). The likelihood of success of the merits is often the determinative factor. *Id*. And that is the case here.

As explained in greater detail in the Warden's response to the petition, the court must dismiss the petition both on the merits and for failing to exhaust his administrative remedies. Accordingly, the dismissal means that his petition lacks merit and that there is no relief the court could grant. Thus, the motion for injunction should be denied as moot in light of the dismissal of his § 2241 petition. *See, e.g., Grief v. Williams*, No. 4:19-cv-2450, 2019 WL 5864783 (N.D. Ohio Nov. 8, 2019).

                Respectfully submitted,

                Dawn N. Ison
                United States Attorney

                /s/ William J. Vailliencourt, Jr.
                William J. Vailliencourt, Jr.
                Assistant United States Attorney
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                (313) 226-9626
                William.Vailliencourt@usdoj.gov

Dated: January *, 2025

## Certificate of Service

I certify that on *, I electronically filed this response with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

*

/s/ William J. Vailliencourt, Jr.
Assistant United States Attorney