United States District Court
Eastern District of Michigan
Southern Division

John Adams, #39459-509,

        Petitioner,                  Case No. 24-cv-13001

vs.                                    Hon. Robert J. White

Eric Rardin, Warden,        Mag. Judge Anthony P. Patti

        Respondent.
_____/

## Response to Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

        The Court should dismiss John Adams's petition without prejudice for failure to exhaust his administrative remedies. Adams has failed to exhaust his claims through the Bureau of Prisons' administrative process, as he was required to do before filing a habeas petition. Alternatively, because his claims are substantively without merit or are not cognizable under § 2241, the petition should be denied.

## Brief in Support of Response to Petition for Writ of Habeas Corpus

### Issues

Should Adams's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice for failure to exhaust his administrative remedies?

Alternatively, even if Adams could overcome his failure to exhaust, his petition fails on the merits and should be denied on that basis as well. Adams's petition presents three substantive issues:

1. Has the Bureau of Prisons erred by refusing his request to pay restitution directly to the court rather than through the BOP's Financial Responsibility Program?

2. Must the BOP provide Adams access to email?

3. Is Adams eligible for First Step Act credits?

### Statement of Facts

John Adams is a federal prisoner serving a 300-month sentence on the following offenses: two counts of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1); tampering with evidence, in violation of 18 U.S.C. § 1519; tampering with a witness, in violation of 18 U.S.C.

2

§ 1512(b)(3); and two counts of making false statements, in violation of 18 U.S.C. § 1001. *See* Exhibit 1 (E.D. Pa. No. 21-cr-144, *Judgment*, ECF No. 205, Pages 1–3).

Adams filed this habeas petition making three apparent claims. First, he alleges that the Bureau of Prisons has erred by refusing his request to pay restitution directly to the court rather than through the BOP's Financial Responsibility Program. (ECF No. 1, PageID.3–4). Second, he claims that the BOP must provide him access to email. (*Id.*, 2–3, 5–6). And finally, he suggests that he BOP has improperly denied him First Step Act credits. (*Id.*, 6). In addition to his failure to exhaust his administrative remedies, his claims are substantively without merit.

## Argument

### Adams's habeas petition should be dismissed for failure to exhaust his administrative remedies.

The Bureau of Prisons' administrative remedy process allows an inmate to seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. § 542.10 *et seq*. It is well-settled that federal prisoners must exhaust administrative remedies with the Bureau of

3

Prisons before filing a habeas petition. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). This exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001). And it "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Thus, before going to court, the prisoner must raise and pursue his request through the Bureau of Prisons' administrative remedy program. That program requires the prisoner to submit a request to the warden of his facility and, if necessary, appeal the denial of the request to the Regional Director and then to the BOP's Central Office. 28 C.F.R. §§ 542.15–18; Exhibit 2, Declaration of S. Allison-Love, ¶ 3. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Crisp v. United States*, No. 20-11538,

4

2020 WL 8765938, at *1 (E.D. Mich. Aug. 12, 2020) (quoting *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994)). Here, Adams did not exhaust his administrative remedies on any of the claims he asserts. *See* Exhibit 2, Declaration of S. Allison-Love, ¶¶ 4–5. Thus, the Court should dismiss his petition for failing to exhaust his administrative remedies. *See Cook v. Hemingway*, No. 21-cv-11711, 2022 WL 3568571 (E.D. Mich. Aug. 18, 2022); *Buchanan v. Hemingway*, No. 22-cv-13035, 2023 WL 3442236 (E.D. Mich. April 13, 2023).

    A.    **Email access**

Adams requested an administrative remedy as to only one claim— his email access. Exhibit 2, Declaration of S. Allison-Love, ¶ 4. As to that issue, although Adams appealed to the Regional Director, he failed to appeal the denial to the Office of General Counsel as required. *Id.*, ¶¶ 4–5 & n.15. And "the administrative remedy process is not complete until the Central Office replies." *Id.*, ¶ 3.

In any event, this issue isn't even cognizable under § 2241. Conditions of confinement claims like restriction of email access are not properly brought under § 2241. *See Wright v. Warden USP Hazelton*, Civil Action No. 20-150, 2021 WL 123377, *3 (E.D. Ky. Jan. 12, 2021);

5

*Lose v. Merlak*, No. 4:16-cv-1532, 2016 WL 4079726, *2 (N.D. Ohio Aug. 1, 2016) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973) and *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)). Thus, even aside from his failure to exhaust, Adams loses on the merits as well.

    B.    **Inmate Financial Responsibility Program**

As to his participation in the BOP's Inmate Financial Responsibility Program, Adams's claim is unclear—whether he wants to withdraw from the program or modify the amount he has to pay. But regardless of the precise nature of his claim, Adams failed to seek any administrative remedy on that issue. *See* Exhibit 2, Declaration of S. Allison-Love, ¶¶ 4–5. And he is required to do so before filing his petition. *See Enigwe v. Sniezek*, No. 06-3473 (6th Cir. Aug. 3, 2006) (challenge to BOP payment schedule must be administratively exhausted) (attached as Exhibit 3); *Enigwe v. Sniezek*, No. 05-cv-02734, 2007 WL 1235673, *1 (N.D. Ohio Apr. 26, 2007) (considering challenge to IFRP only after petitioner has exhausted his administrative remedies); *Aja v. Bureau of Prisons Staff*, 202 F.3d 267, *1 (6th Cir. 1999) (unpublished) (exhaustion of administrative remedies applies to a challenge to IFRP); *Wynn v. Dodrill*, No. 4:09-cv-2888, 2010 WL 481252,

*2 (N.D. Ohio Feb. 5, 2010) (court could consider challenge to IFRP issue because petitioner exhausted his administrative remedies). Thus, his petition on that ground must be dismissed for his failure to exhaust.

Even on the merits, Adams's claim must be rejected. Adams quite simply misreads the judgment. In the judgment of sentence, the district court imposed the following special instruction regarding the payment of $7,000: "The restitution and special assessment are due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25 per quarter towards restitution." *See* Exhibit 1 (E.D. Pa. No. 21-cr-144, *Judgment*, ECF No. 205, Page 8, ¶ F). And it appears that Adams agreed to participate in that program. ECF No. 1, PageID.3. But Adams misreads the requirement that he pay "a minimum payment of $25 per quarter" to eliminate the crucial modifier "a minimum payment," which clearly indicates the payment could be more. Instead, he reads it to mean that he can be required only to pay exactly $25 and nothing more. But that's not what the judgment says. He does not challenge how his current payment was calculated under the regulations governing the program or demonstrate how the BOP

7

erred in applying those regulations—issues that might have been fleshed out had Adams used the required administrative remedy program. *See* 28 C.F.R. § 545.11 (procedures governing IFRP). And absent Adams's participation in the IFRP, the district court's judgment was explicit: the lump sum was due immediately.

Finally, as to his claim that setting restitution payments is a judicial function that cannot be delegated to the BOP, that argument has been rejected by the Sixth Circuit. *See Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001). While Adams cites *United States v. Coates*, 178 F.3d 681, 684–85 (3d Cir. 1999) to support his argument, the Sixth Circuit has explicitly declined to follow it. *Id*. at 359 n.3.

Adams's claim must be dismissed for failure to exhaust his administrative remedies, as well as denied for a lack of merit.

### C. Adams's § 1591(a) conviction rendered him ineligible to earn credits under the First Step Act.

Finally, it is unclear from the face of Adams's petition if he is challenging his ineligibility for FSA credits. In one line at the end of his petition, Adams expresses a desire to be declared eligible for FSA time credits. (ECF No. 1, PageID.6). To the extent that request is considered at all, it should be rejected. First, Adams failed to pursue any

administrative remedy, much less exhaust them. *See* Exhibit 2, Declaration of S. Allison-Love, ¶¶ 4–5. Second, and most importantly, Adams is statutorily ineligible given his offense of conviction. His conviction under 18 U.S.C. § 1591(a)(1) precludes him from receiving First Step Act credits.

Under the First Step Act, some federal prisoners who engage in recidivism-reduction programs are entitled to earn credits toward early release or prerelease custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Some prisoners, however, are categorically ineligible to earn those credits because of their offenses of conviction. 18 U.S.C. § 3632(d)(4)(D).

Adams is ineligible to earn credits because of his § 1591 convictions. The statute states that "[a] prisoner is ineligible to receive time credits under [the First Step Act] if the prisoner is serving a sentence for a conviction under any provision of . . . [a]ny offense under chapter 77, relating to peonage, slavery, and trafficking of persons, except for sections 1593 through 1596." 18 U.S.C. § 3632(d)(4)(D)(xxvii). Adams "is serving a sentence" for two § 1591(a) convictions, which is an offense contained in chapter 77. *Id*. The Bureau of Prisons has thus correctly determined, based on the plain language of the First Step Act,

9

that Adams is "ineligible to receive time credits." *Id.*; *see Cortez v. Hemingway*, No. 22-cv-12234, 2023 WL 4274957, at *2 (E.D. Mich. June 29, 2023) (denying a prisoner's habeas petition in similar circumstances). And in any event, Adams failed to seek any administrative remedy on that issue. *See* Exhibit 2, Declaration of S. Allison-Love, ¶¶ 4–5. Thus, his petition on that ground must be dismissed for his failure to exhaust as well.

## Conclusion

Adams's habeas petition should be dismissed without prejudice for failure to exhaust his administrative remedies, or alternatively, denied on the merits.

        Respectfully submitted,

        Dawn N. Ison
        United States Attorney

        /s/ William J. Vailliencourt, Jr.
        William J. Vailliencourt, Jr.
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226
        (313) 226-9626
        William.Vailliencourt@usdoj.gov

Dated: January 8, 2025

## Certificate of Service

I certify that on January 8, 2025, I electronically filed this Response to Petition for Writ of Habeas Corpus with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

> John Adams
> Reg.No. 39459-509
> FCI Milan
> P.O. Box 1000
> Milan, MI 48160

>                 /s/  William J. Vailliencourt, Jr.
>                 Assistant United States Attorney