**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 06-3473

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 05-2734

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

AUG 0 3 2006

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| T. R. SNIEZEK, Warden, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Respondent-Appellee. | ) | |

O R D E R

Before: MOORE, CLAY, and GRIFFIN, Circuit Judges.

Ifedoo Noble Enigwe, proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 1993, a jury convicted Enigwe on four counts of trafficking in heroin. The district court sentenced him to 235 months in prison and five years of supervised release, and it imposed a ten thousand dollar fine. Enigwe's convictions and sentence were affirmed by the Third Circuit on direct appeal. *United States v. Enigwe*, 26 F.3d 124 (3d Cir. 1994) (table).

In February 2006, Enigwe filed his § 2241 petition, essentially arguing that the district court erred when it failed to set a payment schedule for the fine, which he contends has permitted the Bureau of Prisons (BOP) to usurp "Article III" powers by setting the schedule of payments. He maintains that the BOP has acted arbitrarily in setting the payment schedule, which has prevented him from purchasing commissary items and from providing financial support to his family. Upon

review, the district court concluded that Enigwe had failed to exhaust his administrative remedies and that his claims lacked merit. Hence, it dismissed the petition.

Enigwe has filed a timely appeal, essentially reasserting his claims. He has also filed a motion to proceed in forma pauperis on appeal.

Upon review, we conclude that the district court properly determined that Enigwe had not established exhaustion of his administrative remedies. A federal prisoner who challenges the execution of his sentence must exhaust his available administrative remedies with the Bureau of Prisons before filing a petition under § 2241 in the federal courts. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). Enigwe did not even attempt to show that he had exhausted his administrative remedies prior to filing his § 2241 petition. Hence, Enigwe's petition was properly subject to dismissal without prejudice for failure to exhaust available administrative remedies.

Accordingly, we grant Enigwe in forma pauperis status for the limited purpose of this review and affirm the district court's judgment of dismissal without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
/Clerk