UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Adams, #39459509

    Petitioner,

vs.

Eric Rardin, Warden,

    Respondent.

_____/

Case No. 24-cv-13001

FILED
JAN 3 0 2025
CLERK'S OFFICE
DETROIT

PETITIONER'S RESPONSE TO GOVERNMENTS
OPPOSITION OF HIS MOTION FOR PRELIMINARY INJUNCTION
& §2241

PRELIMINARY INJUNCTION

The four elements a court must consider in weather to grant a preliminary injunction are factors to be balanced not prerequisites that must be met.(In RE Delorean Motor, Inc V Fisher, 755 F.3d 1223) The alternative standard as opposed to the traditional standard for injunction relief requires the moving party to demostrate either success on the merits or a serious question is raised and the balance of hardship tips sharply in it's favor.(Brenda V GLIAMAW, 584 F.2d 308)It is within the district courts discretion in issuing a injunction if the merits present a sufficiently serious question to justify further investigation.(JIMDI,Inc V Twin Bay Docks, 501 F Supp. 2d. 993)(6th cir) There are 100's of prisoners at Milan and thousands around the country who depending on the warden's sole interpretation of BOP policy, has terminated their email, been placed on FRP refusal because of BOP's blatant disrespect for not only judgements from federal courts but also official acts of Congress, and scheduled restitution in excess of what a court ordered and what they can reasonably afford to pay. Lastly the Frist Step Act affected every federal inmate. There are 2 types of credit you can earn under the First Step Act. Time credit which I agree and clearly understand I do not qualify for. I never even asked for it in my §2241. But incentive credit I do qualify for and since I have been programing and I just started college, I should be recieving the 300 min of phone time each month which is part of the First Step Act and I do qualify for that incentive under the First Step Act.

1

This is a major question that affects many prison's nation wide. Since the argument of the BOP is that of merit and failure to exhaust administrative remedies, I will address each of them in further detail.

### EXEMPTION OF ADMINISTRATIVE REMEDY PROCESS

Almost every circuit has understood that exhaustion is not a strict statutory, or otherwise jurisdictional, requirement unless stated in the statute. The 6th circuit has recognized principles of administrative law that exhaustion is not a requirement if the only available administrative remedy is plainly inadequate.(Riley V Ambach, 688 F. 2d 635) Inadequate is defined as not good enough or unable to deal with the situation.(Merriam Webster 9th ED) The 6th circuit using cases from the 1st, 3rd, 8th, and 2nd circuit stated: An exception to the exhaustion requirement has been recognized in cases where the exercise of administrative remedies would be futile.(Ezratty V Comm Of Puerto Rico, 648 F .2d 770) (Riley V Ambach, 668 F.2d 635)(Monahan V Nebraska, 645 F. 2d 592) Also the 6th circuit has stated: The judicially created administrative remedy exhaustion does permit wavier of exhaustion in the face of futility.(Aron V Lamanra, 4 Fed Appx. 232, 2001 WL 128349) (citing Mckart V U.S, 395 U.S 185,200 89 s ct. 1657, 23 L. Ed. 2d 194) Petitioner must show the remedy is inadequate or cannot provide the relief. (Goar V Civiletti, 688, F2d 27, 28-29) Because the BOP has created categorical rules that predetermine the outcome of an administrative review, that review is futile and inadequate.(See Jones V Zenk, 495 F. Supp 2d 1289) Because of these rules any favorable administrative outcome is unlikely. More importantly most of the issues are a matter of law and only a court can decide them. The polices of the BOP are no barrier, that includes the administrative remedy process. Predetermination is often accompanied by a policy-rule either Official or unofficial. This is not to say the BOP may not have pre-formed opinions, but and preformed opinions or rules must not obstruct or override acts of Congress or federal statutes. The Supreme Court has spoken on this matter in McCarthy V Madigan, 503 U.S. 140,144 112 S ct. 1081, 117 L Ed. 2d 291, stating: Three sets of circumstances excused administrative exhaustion. One

of them are appliable here. 1. Where the administrative body is shown biased or has predetermined the issue before it.(McCarthy 503 U.S at 146-48). Because of this predetermination by rule or policy. The administrative remedy process are futile. All of the cases the government has mentioned in it's response are pre LOPER.

## EMAIL ACCESS

The administators at FDC Philadelphia and FCI Milan both used the same misinterpretation of the BOP's policy to deny me access to the email system. This proves that the policy statement is being used incorrectly making any further remedy futile. The government once again uses pre LOPER cases to attempt to further it's argument. An action of an agency that deviates from it's policy without supplying a reason for that action, may be considered arbitrary, capricious, or an abuse of discreation.(Johnson V Ashcroft, 286 F .3d 696) Officials must not ignore administrative policy.(Doe V Tenet, 329 F.3d 1135) Officials must not disregard evidence in order to reach a preferred conclusion.(Delta Foundation, Inc V U.S, 303 F. 3d 551) Both the Warden and Mr SinClaire at Milan were given the BOP policy statement and judges order from my rule 60(b). They both said it's the wardfen sole discretion to give you back your email and he don't have to follow the BOP policy. The government also states that email access is not cognizable under §2241, once again using a pre LOPER standard. §2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.(Coady V Vaugh, 251, F.3d 480,485)(Woodall V FBOP, 432 F 3d 235, 2421)
Pro se litigants pleadings are to be construed liberally and held to a less stringent standard than pleagings drafted by lawyers, if a court can reasonably interpret pro se pleadings to state a cognizable claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theoried, poor sybtax and sentence structure, or litigant's unfamiliarity with pleadings requirement and unless it appears beyond a doubt that a plaintiff can prove no facts in support of his claim, which would entitle him to relief, a complaint should not be dismissed.(Haines V Kerner,404 U.S 519, 92 S ct 594, 30 L

Ed .2d 652)(Gomez-Diaz V U.S 433 F.3d 788)(Boag V McDougall, 454 U.S 364,102 S ct 594 70 L. Ed 2d 551)Pro se petitions construed liberally; dismissal is inappropriate if petition sets forth facts giving rise to the cause of action or does so implicitly or in accompanying documents.(Bounds V Smith, 430 U.S 817)(Williams V Lockhart, 849 F 2d 1134, 1138)Courts should review habeas petitions filed by Pro se litigants with a lenient eye, allowing borderline cases to proceed.(Uadra V Sullivan, 837 F.2d 56, 58-59)(Williams V Kullman, 722 F.2d at 1050)It would be unreasonable to require more from a Pro se prisoner where it'sgist was clear and distinct. (Prou V US, 199 F.3d 37, 42) US V Fiddler, 688 F.2d 45, 48-49) Even if it is true email cliams are not cognizable under §2241 claim, the argument is 100% valid and is cognizable under some other federal statute. No inmate in Milan under a Walsh Assignment has ever gotten their email back using the administrative remedy process.

### INMATE FINANCIAL RESPONSIBILITY PROGRAM

At sentencing after reviewing Mr Adams assets and ability to pay he was deemed indigent, so any payments he could make towards restitution would come almost entirely from wages earned while in prison. The $6400 in restitution is joint and several with 2 other prisoners. Plus Mr Adams has an direct appeal that could change all of that. Mr Adams has made 1 payment in good faith to the court and will continue to do so if given the opportunity to by this court.There is no law that authrizes the BOP to schedule restitution payments for inmates. Even after showing Mr Ellison the rule 60(b) from my judge clarifying his restitution order, he stated that the rule 60(b) doesn't say we can't raise the payments. This logic makes no since, but are the same administrators in charge of the administrative remedy process. They are using the unlawful procedure of scheduling restitution payments that are predetermined

4

making any remedy futile. Again the government using outdated 6th circuit cases and misreading revelant cases in my §2241 petition. The cases in my petition has persuasive precedent value. The cases I quoted were U.S V Johnnie Corley 500 F. 3d 210 which the 3rd circuit court of appeals used U.S V Coates 178 F. 3d 681, 684-85 to come to there conclusion that the IFRP does not override the MVRA an act of Congress. Other cpurt of appeals have found impermissible the delegation of authority under similar circumstances. See U.S V Gunning 401 F 3d 1145, 1150 (9th Cir 2005) Finding impermissible delegation where the restitution order failed to procvide a payment schedule during the period of incarceration. U.S V Overholt 307 F 3d 1231, 1255 (10th Cir 2002) Finding impermissible delegation where the restitution order directed that "restitution shal be paid in full immediately" and any amount not paid in full immediately shall be paid while in custody through the IFRP. U.S V Pandiello 184 F. 3d 682, 688 (7th Cir 1999) Finding where the court directed equal monthly installments without fixing the amount of the installments. impermissible. If the statute does not permit delegation to the BOP or probation office, we cannot endorse a restitution order requiring "immediate" payment with an informal understanding that the probation office shall set a payment schedule. Obviously, the availabilty of such an option would in pratice defeat the statutory requirement that the court establish any installment schedule. See U.S V Prouty 303 F.3d 1249, 1255 (11th Cir 2002) Under the **LOPER** standard, if Congress has spoken on the issue the inquiry is over for the agency and the courts. Congress created the MVRA which overrides the IFRP and nothing in it allows the BOP to schedule restitution payments. I've had 2 seperate unit teams look at the IFRP program relating to me. The first wanted me to pay $100 a month, the second wanted $250 a month based on their predetermined IFRP calulation. In the government response they said had I used the remedy process the issue might have been fleshed out. This is highly unlikely because catalyst for there whole administrative remedy process is unlawful. The people who render the remedy decisions use that same unlawful policy rendering the process it's self futile.

## FIRST STEP ACT INCENTIVES

The government clearly cherry picked and or didn't read correctly my FSA issue. The First Step Act applies to all federal prisoners. Some prisoners can apply that time to early release. I understand that I am not allowed to to earn credits for time off my sentence but I am qualified for the other FSA incentives which I am not recieving. I.E the 300 minutes of phone time. I have been engaged in recidivism reduction programs since I got to FCI Milan, so I should be able to get FSA incentives. Incentives not FTC.

## BOP"S BLATANT MISINTERPRETATION OF POLICY & LAW

Administrative rules and regulations must comport with the purpose and scop of their progenitorial statute; they may not extend or outreach authority(Ruiz V Morton 462 F.2d 818) An agency must conform it's actions to the procedures that it has adopted... [because inmates have] the right to expect prison officials to follow agency policies and regulations.(Caldwell V Miller 790 F. 2d 589, 609-10) Federal regulations cannot undermine acts of Congress(U.S V Kirvan 86 F. 3d 309)(Calder V J.S Alberici Construction Co INC, 153 F 3d 1381) Administratiors have the power to promulgate rules, to the extent that Congress has authorized, and no further(Sweet V Sheahan, 235 F.3d 80) The warden and all of the administrators at Milan have stated on many occassions that they don't follow law, they follow policy. No remedy will change that thinking. Only a remedy from this court.

## CONCLUSION

I would like this court to waive the exhaustion requirement in order to answer the important questions at issue here and to avoid opening the floodgates of more §2241's for the same issues addressed here. If this court chooses to dismiss this action for failure to exhaust, it must then instruct the BOP to process the BP-8,BP-9 ETC.. in accordance with Congress's will and it's written policy to avoid further §2241's about the same issues.



METROPLEX MI 480
27 JAN 2025 PM 5 L

John Adams
NAME
39459509
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

U.S COURTHOUSE
Attn: Clerk of Courts    5th FL
231 W Lafayette Blvd
Detroit MI, 48226

48226-277758