UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN ADAMS,<br><br>    Petitioner,<br><br>v.<br><br>ERIC RARDIN,<br><br>    Respondent. | Case No. 24-cv-13001<br><br>Honorable Robert J. White |

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR A PRELIMINARY INJUNCTION, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

I.  Introduction

John Adams is currently incarcerated in Milan, Michigan. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), as well as a motion for a preliminary injunction (ECF No. 7). Adams claims that the Bureau of Prisons (BOP) improperly denied his request to pay restitution directly to the sentencing court rather than through the BOP's Inmate Financial Responsibility Program. He further alleges that the BOP denied him access to email. Lastly, Adams appears to argue that he is entitled to earned time credits under the First Step Act (FSA).

For the following reasons, the petition for a writ of habeas corpus is dismissed and the motion for a preliminary injunction is denied.

II.   Background

Adams pled guilty in the United States District Court for the Eastern District of Pennsylvania to two counts of sex trafficking of a minor and aiding and abetting (18 U.S.C. §§ 1591 and 1592), tampering with evidence (18 U.S.C. § 1519), tampering with a witness (18 U.S.C. § 1512(b)(3)), and two counts of making false statements (18 U.S.C. § 1001). The district judge sentenced him to three hundred months incarceration. Adams moved to withdraw his guilty plea. The district judge denied the motion. *See United States v. Adams*, No. 21-144-1, 2024 U.S. Dist. LEXIS 73422, at *13 (E.D. Pa. Apr. 23, 2024). Adams now seeks a writ of habeas corpus and preliminary injunctive relief.

III.   Analysis

   A.   *Exhaustion of Administrative Remedies*

Federal inmates are typically required to exhaust their administrative remedies before filing a section 2241 habeas petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Adams concedes that he did not exhaust his administrative remedies, arguing that such an attempt would be futile. The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor is it "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236,

2

235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quotation omitted).

Because Adams's claims do not warrant habeas relief, it would be pointless to require him to exhaust any administrative remedies. The Court will, therefore, excuse the exhaustion requirement and address the petition's merits.

 *B.* *Restitution*

Adams's position that the sentencing court improperly delegated its authority to collect restitution to the BOP through the Inmate Financial Responsibility Program (IFRP) is not cognizable on habeas review.

Where a habeas petitioner is not claiming a right to be released from custody, but is instead challenging the imposition of a fine or other costs, he may not bring a petition for a writ of habeas corpus. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty that warrants habeas relief. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *see also Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984).

At any rate, a district court does not improperly delegate the scheduling of a defendant's restitution payments while in prison to the Bureau of Prisons through the IFRP. *See Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001). So Adams does not state a claim upon which habeas relief may be granted.

C.   *Email Access*

Adams next contends that the BOP denied him access to email. This claim should be brought as a civil rights action as opposed to a habeas petition. *See Lawrence v. Oliver*, 602 F. App'x 684, 687–88 (10th Cir. 2015).

A plaintiff may file suit in federal court for damages arising from a violation of constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). The Court will not, however, convert Adams's claim into a *Bivens* action.

Because of the mandatory procedural requirements imposed upon inmates under the Prisoner Litigation Reform Act (PLRA), courts should dismiss habeas petitions seeking *Bivens*-type relief so that inmates comport with the PLRA's procedural framework. *Mescall v. Hemingway*, No. 20-12687, 2021 U.S. Dist. LEXIS 3310, at *3-5 (E.D. Mich. Jan. 7, 2021) (declining to convert a federal inmate's section 2241 petition to a *Bivens* action). Consequently, the Court will dismiss this portion of the petition without prejudice to Adams filing a civil rights action under *Bivens*.

4

### D. The First Step Act

Finally, Adams asserts that he is entitled to receive earned time credits (FTCs) under the First Step Act.

Eligible federal inmates, those whose convictions do not exclude them from receiving First Step Act benefits, may earn FTCs. An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if (1) his recidivism-risk rating is minimum or low, and (2) his risk of recidivism has not increased for two consecutive recidivism assessments. 18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2). A federal prisoner may lose earned FTCs for violating the requirements or rules of programs or as a sanction for a prohibited act. 28 C.F.R. § 523.43(a).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have their remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

Still, inmates have no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich.

5

2001); *see also Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir. 1992). And a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

"Courts that have considered the issue have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act." *Fontanez v. Rardin*, No. 23-12415, 2024 U.S. Dist. LEXIS 74766, at *5-6 (E.D. Mich. Apr. 24, 2024) (quotation omitted); s*ee also See Cheng v. United States*, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024) (Taiwanese prisoner subject to removal under the immigration laws did not have a liberty interest in receiving First Step Act credits); *Bloom v. Fed. Bureau of Prisons*, No. 19-21589, 2022 U.S. Dist. LEXIS 20624, at *7 (D.N.J. Feb. 4, 2022) ("prisoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits").

The First Step Act further provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . any offense under chapter 77, relating to peonage, slavery, and trafficking in persons, except for sections 1593 through 1596." 18 U.S.C. § 3632(d)(4)(D)(xxvii).

Because Adams received a judgment of conviction for a disqualifying offense under chapter 77, namely sex trafficking of a minor in violation of 18 U.S.C. § 1591

6

and 1592, he is statutorily precluded from earning time credits under the First Step Act. *See Weeks v. Warden, FCI Berlin*, No. 23-0165, 2023 U.S. Dist. LEXIS (D.N.H. May 25, 2023).

    E.    *Preliminary Injunctive Relief*

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary remedy." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). The Court must consider four factors before issuing a preliminary injunction: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).

These factors are not rigid prerequisites. *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). But "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Since Adams's claims cannot be remedied through a section 2241 habeas petition, there is no likelihood of him succeeding on the merits. The motion for a preliminary injunction is, therefore, denied.

### F. Certificate of Appealability

A certificate of appealability is not necessary to appeal the denial of a section 2241 habeas petition. *See Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004). So Adams need not apply for one in this Court or in the Sixth Circuit before filing an appeal.

Leave to proceed *in forma pauperis* on appeal is likewise unwarranted because any appeal would be frivolous. *See* Fed. R. Civ. P. 24(a). Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that the motion for a preliminary injunction (ECF No. 7) is denied.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated: March 12, 2025                              s/Robert J. White_____
                                                                 Robert J. White
                                                                 United States District Judge

8